IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANZE ENTERPRISES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-4311-D |
| | § | |
| AMIGO MGA, LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Shanze Enterprises, LLC ("Shanze") filed on July 15, 2014 a Motion For Turnover Order requesting the Court enter an order requiring Defendant Amigo MGA, LLC ("Amigo") to turn over to Plaintiff "all present and future rights to non-exempt property that cannot readily be attached or levied on by ordinary legal process, including accounts receivable, intangibles, causes of action, stocks, partnership, and equity interests, and all other property that is properly subject to a turnover order." Dkt. No. 14. Chief Judge Sidney A. Fitzwater referred the motion to the undersigned magistrate judge for hearing, if necessary, and recommendation or determination. *See* Dkt. No. 21. Amigo has not filed a response.

For the reasons explained below, Shanze's Motion for Turnover Order should be denied without prejudice.

**Background**

On October 25, 2013, Shanze filed this breach of contract action under the

Court's diversity jurisdiction. After Amigo failed to answer or otherwise respond to the complaint, Shanze sought a default judgment. The Court granted Shanze's motion for judgment and ordered that Shanze recover judgment in the principal amount of $455,924.70 plus prejudgment and postjudgment interest. *See* Dkt. No.12.

Shanze now seeks a turnover order pursuant to Federal Rule of Civil Procedure 64 and Texas Civil Practice & Remedies Code § 31.002. *See* Dkt. No. 14.

## Legal Standards

The Texas Turnover Statute, Texas Civil Practice & Remedies Code § 31.002, is a procedural device by which judgment creditors may reach assets of a debtor that are otherwise difficult to attach or levy. *See Af-Cap, Inc. v. Republic of Congo,* 462 F.3d 417, 426 (5th Cir. 2006) (citing *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 224 (Tex. 1991)). The turnover statute itself does not require notice and a hearing prior to issuance of a turnover order. *See Ex parte Johnson*, 654 S.W.2d 415, 418 (Tex. 1983). Nevertheless, the trial court "must have some evidence before it that establishes that the necessary conditions for the application of 31.002 exist." *Tanner v. McCarthy*, 274 S.W.3d 311, 322 (Tex. App. – Houston [1st Dist.] 2008, no pet.). The creditor must show the trial court that: "(1) the debtor owns the property, (2) the property cannot be readily attached, and (3) the property is not exempt." *Stephenson v. LeBoeuf,* No. 14-2-130-cv, 2003 WL 22097781, at *2 (Tex. App. – Houston [14th Dist.] Sept. 11, 2003, no pet.).

For a judgment creditor to prove the required elements, the creditor must "introduce more evidence than just a motion for turnover. The statute requires a

factual showing that the judgment debtor has non-exempt property that is not readily subject to ordinary execution." *Id.* (citing *Schultz v. Fifth Judicial Dist. Court of Appeals at Dallas*, 810 S.W.2d 738, 740 (Tex. 1991)). "A turnover order must be specific in both identifying the non-exempt property that is susceptible to turnover relief and in tailoring the turnover relief to that property." *Moyer v. Moyer*, 183 S.W.3d 48, 54 (Tex. App. – Austin 2005, no pet.); *see also Roebuck v. Horn*, 74 S.W.3d 160, 163 (Tex. App. – Beaumont 2002, no pet.) ("A reference to broad categories of assets does not constitute a reference to specific assets that is required in a turnover order."); *Finotti v. Old Harbor Co.*, No. 5-97-1365-cv, 1999 WL 1034607, at *1 (Tex. App. – Dallas Nov. 16, 1999, no pet.) ("[T]he trial court's order must be definite, clear, and concise in its description of the property to be turned over eliminating the need for interpretations, inferences or conclusions.").

The Court therefore may not properly enter a turnover order if there is not at least some probative evidence of the necessary facts supporting the trial court's discretion. *See Williams Farms Produce Sales, Inc. v. R&G Produce Co.*, No. 13-12-00365-CV, 2014 WL 1266118, at *4 (Tex. App. – Corpus Christi 2014, no pet.).

## Analysis

Shanze has failed to establish that it is entitled to the turnover relief that it requests. Shanze's motion states only:

> As allowed by Federal Rule of Civil Procedure 64 and Section 31.002 of the Texas Civil Practice & Remedies Code, Plaintiff and judgment creditor Shanze Enterprises Inc. ("Shanze") seeks an order requiring Defendant Amigo MGA, LLC to turn over to Plaintiff all present and future rights to non-exempt property that cannot readily be attached or

levied on by ordinary legal process, including accounts receivable, intangibles, causes of action, stocks, partnership, and equity interests, and all other property that is properly subject to a turnover order.

Dkt. No. 14.

Shanze has the burden to – but does not – identify any specific non-exempt property or provide any evidence to establish that any specific non-exempt property is susceptible to turnover relief. Shanze has failed to establish that: (1) Amigo owns the property, (2) the property cannot be readily attached, and (3) the property is not exempt. Shanze's motion only identifies "broad categories of assets," rather than specific assets as required for a turnover order. *Roebuck*, 74 S.W.3d at 163.

Therefore the record at this point does not allow for the Court to enter a turnover order that is "definite, clear, and concise in its description of the property to be turned over eliminating the need for interpretations, inferences or conclusions." *Finotti,* 1999 WL 1034607, at *1. As such, Shanze's Motion For Turnover Order should be denied without prejudice.

## Recommendation

Shanze's Motion For Turnover Order [Dkt. No. 14] should be denied without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 23, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE